Matter of Buhannic v Tradingscreen, Inc. (2019 NY Slip Op 00238)





Matter of Buhannic v Tradingscreen, Inc.


2019 NY Slip Op 00238


Decided on January 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2019

Sweeny, J.P., Richter, Kapnick, Gesmer, Kern, JJ.


8113 653624/16

[*1]In re Philippe Buhannic, Plaintiff-Appellant, Patrick Buhannic, Plaintiff,
v
Tradingscreen, Inc., Defendant-Respondent, Pierre Schroeder, et al., Defendants.


Philippe Buhannic, appellant pro se.
Morgan Lewis & Bockius LLP, New York (Peter Neger of counsel), for respondent.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about December 26, 2017, to the extent it denied plaintiff's motion for advancement of expenses incurred in this action, a Delaware action, and a corporate investigation, with leave to renew the parts of the motion seeking advancement of expenses incurred in bringing the instant motion and any renewal motion to determine his right to advancement and in the corporate investigation, unanimously affirmed, without costs.
Plaintiff seeks advancement of expenses under an indemnification agreement entered into between defendant Tradingscreen, Inc., a Delaware corporation, and himself as chief executive officer and chairman of the board of Tradingscreen. Plaintiff is not entitled to expenses he incurred in the action brought against him by various directors of Tradingscreen pursuant to Delaware General Corporation Law § 225, because the action was not brought by reason of his corporate status. While there may have been an underlying board struggle over plaintiff's role as chief executive officer, the action did not seek to litigate the merits or substance of any such dispute but rather sought merely to declare invalid plaintiff's attempt to use his power as a shareholder to take control of the board. In any event, plaintiff is not entitled to expenses he incurred in that action, because he was not successful on the merits or otherwise; the action was dismissed as moot after plaintiff withdrew with prejudice the stockholder consents that he had presented to the board and any challenges to the board determination that prompted the action.
Except for the instant motion for advancement and any motion to renew permitted by the motion court, plaintiff is not entitled to advancement of expenses in this action, because he did not obtain board approval to commence the action.
Plaintiff has failed to demonstrate that the court erred in requiring him to renew his motion, supported by further exhibits, insofar as it sought advancement for expenses incurred in making the instant motion and any authorized renewal motion and in the aforementioned corporate investigation.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 15, 2019
CLERK